UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CASE NUMBER:

| | |
|---|---|
| PENN-AMERICA INSURANCE CO. | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| BESHERE ELECTRIC, INC., | ) |
| NORTHERN ENERGY SERVICES, INC., | ) |
| AND THIAGO MACHADO AS PERSONAL | ) |
| REPRESENTATIVE OF THE ESTATE OF | ) |
| PAULO MACHADO | ) |
|     Defendants | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

### PRELIMINARY STATEMENT

1. This action for declaratory relief has been brought for the purposes of obtaining this Court's determination concerning the parties' respective rights and responsibilities under a policy of commercial general liability insurance (the "Penn-America Policy") issued by plaintiff Penn-America Insurance Company ("Penn-America") to defendant Beshere Electric, Inc. ("BEI"), as the Penn-America Policy is applicable to claims alleged against Defendant Northern Energy Services, Inc. ("NES") and NES' claims against BEI in the case of *Thiago Machado, as he is Personal Representative of the Estate of Paulo C. Machado,* Worcester Superior Court Civil Action No. 1985CV00581 (the "Underlying Action"). A true copy of the Penn-America Policy is attached hereto as Exhibit "A".

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked under 28 U.S.C. Section 1332(a). Diversity of citizenship exists between the Plaintiff and Defendants, and Thiago Machado as Personal Representative of the Estate of Paulo Machado ("Machado Estate") has asserted wrongful death claims against NES seeking damages in excess of $75,000.

3. Venue herein is proper under 28 U.S.C. Section 1391(b).

### PARTIES

4. The plaintiff, Penn-America, is an insurance company duly organized under the laws of the Commonwealth of Pennsylvania with a principal place of business in Bala Cynwyd, Pennsylvania and is registered as a surplus lines carrier with the Commonwealth of Massachusetts Division of Insurance.

5. The defendant, Beshere Electric, Inc., is a corporation duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 35 Homeward Lane, Walpole, Norfolk County, Massachusetts.

6. The defendant, Northern Energy Services, Inc., is a corporation duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 78 West Main Street, Northborough, Worcester County, Massachusetts.

7. The defendant, Thiago Machado as Personal Representative of the Estate of Paulo Machado, is an individual who, upon information and belief, resides at 14 Wood Street, Milford, Worcester County, Massachusetts, and is an interested party whose interests may be affected by the declaration sought in this action.

## FACTS COMMON TO ALL CLAIMS

8. On or about April 16, 2019, the Machado Estate filed a Complaint in Worcester County Superior Court, against NES, Civil Action No. 19CV581B (the "Underlying Action" or "Complaint"). A true copy of the Complaint filed in the Underlying Action is attached hereto as Exhibit "B".

9. The Complaint is a wrongful death action arising out of the death of Paulo Machado on October 11, 2017.

10. The Complaint alleges that on the date of his death, Paulo Machado was working for BEI on a project located at 1608 VFW Parkway in Boston, Massachusetts. Ex. B, Compl. at para. 3.

11. The Complaint alleges that Paulo Machado "received an electric shock that caused him to fall from a ladder, sustaining injuries resulting in death." Ex. B, Compl. at para. 4.

12. The Complaint alleges that NES was negligent because it failed, among other things, to maintain programs for safety inspections of the job site; to provide and recommend personal protective equipment; to conduct a hazard analysis; and to ensure that electrical equipment was free from hazards.

13. On or about November 4, 2019, a Third-Party Complaint by NES against BEI was filed in the Underlying Action. A true copy of the Third-Party Complaint is attached hereto as Exhibit "C".

14. The Third-Party Complaint alleges that BEI has failed to defend and indemnify NES against the Underlying Action despite a contractual obligation to do so.

15. The Third-Party Complaint alleges that BEI failed to procure additional insured coverage in favor of NES despite a contractual obligation to do so.

16. NES contends that BEI is bound by a subcontract titled "Electrical Contractor Application for Participation". A copy of the putative subcontract is attached hereto as Exhibit "D" and referenced hereafter as the "Alleged Subcontract," though Penn-America does not concede the authenticity of the document or that it accurately portrays the agreement as of the time it was signed.

17. The Alleged Subcontract shows "Donoian & Sons Co., Inc." as the subcontractor applying to participate in work for NES.

18. The Alleged Subcontract was signed by David Donoian on behalf of "Donoian & Sons Co., Inc." on February 3, 2011.

19. The corporate database maintained by the Secretary of the Commonwealth shows that BEI was not incorporated until May 14, 2014.

20. The indemnity provision in the Alleged Subcontract is not enforceable under M.G.L. c. 149, § 29C.

21. The insurance provision in the Alleged Subcontract does not contain any explicit obligation for BEI to obtain additional insured coverage in favor of NES.

22. Penn-America agreed to defend BEI relative to the claims asserted against it in the Third-Party Complaint in the Underlying Action subject to a full and complete reservation of Penn-America's right to challenge and, if appropriate, deny coverage under the Penn-America Policy for such claims and for any coverage relating to the claims in the Underlying Action.

23. Penn-America has agreed to defend NES relative to the claims asserted against it in the Complaint in the Underlying Action subject to a full and complete reservation of Penn-America's right to challenge and, if appropriate, deny coverage under the Penn-America Policy for such claims and for any coverage relating to the claims in the Underlying Action.

## PENN-AMERICA POLICY

24. The Penn-America Policy contains an endorsement titled "Additional Insured – Owners, Lessees or Contractors – Automatic Status for Other Parties When Required in Written Construction Agreement" (Form CG 20 38 04 13).

25. Among other limitations to its application, this additional insured endorsement only applies where there is a pre-existing written contract requiring BEI to name the other contracting party as an additional insured.

26. As there is no enforceable contract between NES and BEI, there is no additional insured coverage available to NES under the Penn-America Policy.

27. Even if there is an enforceable contract between NES and BEI, the additional insured endorsement would not afford coverage to NES as the endorsement limits its application to "liability for 'bodily injury' . . . caused in whole or in part by [BEI's] acts or omissions; or the acts or omissions of those acting on [BEI's] behalf in the performance of [BEI's] ongoing operations for [NES]."  No such allegations are made in the Complaint in the Underlying Action.

28. Even if NES otherwise qualifies as an additional insured under the additional insured endorsement of the Penn-America Policy, the policy contains an endorsement titled "Exclusion – Injury to Employees, Workers or Contracted Persons of Insureds or Contracted Organizations" (Form EPA-1723 (03/2014)) which is hereafter referenced as the "Employee Injury Exclusion."

29. The Employee Injury Exclusion deletes and replaces the Employer's Liability Exclusion (2.e.) of the main commercial general liability form and states in relevant part that the Penn-America Policy does not provide coverage for liability for "'bodily injury' to any person who is an 'employee', 'temporary worker', or 'volunteer worker' of any insured arising out of and in the course of employment by any insured; or performing duties related to the conduct of any insured's business."

30. The Employee Injury Exclusion applies equally to both BEI and NES if Paulo Machado was an employee of any insured, including BEI.

31. The Employee Injury Exclusion deletes the "Severability of Insureds" provision of the Penn-America Policy with regard to its application.

32. Paulo Machado was performing work as an employee of BEI at the time of his death.

33. The Employee Injury Exclusion precludes any and all coverage available to BEI and NES under the Penn-America Policy with respect to this matter.

34. The putative indemnity obligation in the Alleged Subcontract does not meet the definition of an "insured contract" as the indemnified liability would not be "caused, in whole or in part, by you or those acting on your behalf" due to the application of the Massachusetts comparative negligence statute.  (Form CG 24 26 04 13)

35. The Employee Injury Exclusion states that it applies "(1) Whether any insured may be liable as an employer or in any other capacity; and (2) Whether any insured may have any obligation to share damages with or repay someone else who must pay damages because of the injury."

36. The Employee Injury Exclusion deletes the language of the Employer's Liability exclusion in the main commercial general liability form which formerly read: "This exclusion does not apply to liability assumed by the insured under an 'insured contract.'" (Form CG 00 01 04 13, Page 2 of 16)

37. The Employee Injury Exclusion defeats any "insured contract" coverage under the Penn-America Policy for any putative contractual indemnity obligation owed by BEI to NES.

38. The Penn-America Policy does not provide coverage for breach of contract.

## COUNT ONE
### (PENN-AMERICA VS. BEI)

39. Penn-America repeats and realleges Paragraphs 1 through 38 above and incorporates them by reference as if they were fully set forth herein.

40. The Penn-America Policy does not afford and/or excludes coverage to BEI with respect to the claims alleged it in the Underlying Action.

41. Penn-America has no duty under the Penn-America Policy to provide a defense to BEI, or to pay the costs of a defense for it, with respect to the claims alleged against it in the Underlying Action.

## COUNT TWO
## (PENN-AMERICA VS. BEI)

42. Penn-America repeats and realleges Paragraphs 1 through 41 above and incorporates them by reference as if they were fully set forth herein.

43. The Penn-America Policy does not afford and/or excludes coverage to BEI with respect to the claims alleged against it in the Underlying Action.

44. Penn-America has no duty under the Penn-America Policy to indemnify BEI with respect to the claims alleged against it in the Underlying Action.

## COUNT THREE
## (PENN-AMERICA VS. NES)

45. Penn-America repeats and realleges Paragraphs 1 through 44 above and incorporates them by reference as if they were fully set forth herein.

46. The Penn-America Policy does not afford and/or excludes coverage to NES with respect to the claims alleged it in the Underlying Action.

47. Penn-America has no duty under the Penn-America Policy to provide a defense to NES, or to pay the costs of a defense for it, with respect to the claims alleged against it in the Underlying Action.

## COUNT FOUR
## (PENN-AMERICA VS. NES)

48. Penn-America repeats and realleges Paragraphs 1 through 47 above and incorporates them by reference as if they were fully set forth herein.

49. The Penn-America Policy does not afford and/or excludes coverage to NES with respect to the claims alleged against it in the Underlying Action.

50. Penn-America has no duty under the Penn-America Policy to indemnify NES with respect to the claims alleged against it in the Underlying Action.

WHEREFORE, the plaintiff Penn-America Insurance Company demands judgment in the form of a declaration that:

1. The claims asserted against NES and BEI in the Underlying Action, Worcester County Superior Court Civil Action No. 19CV581B, are excluded or otherwise are not covered by the terms, conditions and provisions of the Penn-America Policy;

2. Penn-America has no duty under the Penn-America Policy to provide a defense to BES, or to pay the costs of a defense for it, with respect to the claims alleged against it in the Underlying Action;

3. Penn-America has no duty under the Penn-America Policy to indemnify BES and with respect to the claims alleged against it in the Underlying Action;

4. Penn-America has no duty under the Penn-America Policy to provide a defense to NES, or to pay the costs of a defense for it, with respect to the claims alleged against it in the Underlying Action;

5. Penn-America has no duty under the Penn-America Policy to indemnify NEI with respect to the claims alleged against it in the Underlying Action;

6. Penn-America is entitled to recover such other and further relief, including legal fees and costs, as the Court deems just and proper.

          **Penn-America Insurance Company,**
          **By its Attorney,**

/s/ John P. Coakley
/s/ Peter C. Kober
/s/ Jameson W. Toner

**John P. Coakley, BBO# 558685**
**Peter C. Kober, BBO# 276260**
**Jameson W. Toner, BBO# 669285**
**MURPHY & RILEY, P.C.**
**125 High Street, Suite 2311 Boston, MA 02110**
**(617) 423-3700**
**jcoakley@murphyriley.com**
**pkober@murphyriley.com**
**jtoner@murphyriley.com**

**Dated: April 16, 2020**